**ORDERED ACCORDINGLY.**



Dated: September 21, 2009

_____
**GEORGE B. NIELSEN, JR**
U.S. Bankruptcy Judge

Charles M. Sabo 006200
Charles M. Sabo, P.C.
4700 S. Mill Avenue, Ste. 7
Tempe, Arizona 85282
Telephone: (480) 820-5931
Fax: (480) 820-8099
e-mail: charlessabopc@earthlink.net
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT, DISTRICT OF ARIZONA

In re: 

FELIPE E. BACA
VERONICA J. JEMENTE BACA
fka VERONICA J. JEMENTE

Debtor(s).

No. 2:09-bk-06360 GBN

Chapter 13 Proceeding

**AMENDED STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN
AND PAYMENT OF ADMINISTRATIVE EXPENSE**

It having been determined after notice,

1. That the Chapter 13 Plan of the debtors complies with Chapter 13 and all other applicable provisions of Title 11, United States Code;

2. That any fee, charge, or amount required under Chapter 13 of Title 28, United States Code, or by the plan, to be paid before confirmation, has been paid;

3. That the plan has been proposed in good faith and not by any means forbidden by law;

4. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estates of the debtors were liquidated under Chapter 7 of Title 11, United States Code;

5. That the plan provides that the holders of secured claims who have not accepted the plan shall retain their liens, and the value, as of the effective date of the plan, of property to be distributed under the plan on account of secured claims whose holders have not accepted the plan is not less than the allowed amount of those claims; and

6. That debtors will be able to make all payments under the plan and comply with the plan.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, based upon the foregoing findings and the stipulation of the undersigned parties, that the following Chapter 13 Plan of the debtors be and hereby is confirmed.

**I. PROPERTY AND FUTURE EARNINGS.**

The debtors shall submit the following property and future earnings to the Trustee for

1

distribution under the plan:

Future earnings: $435 per month on or before the first (1st) day of each month commencing May 1, 2009 (months 1 through 4) and $485 commencing September 1, 2009 (months 5 thorugh60), for the duration of the plan.

Tax Returns: Debtors are required to provide, directly to the Trustee within 30 days after the returns are filed, copies of their Federal and State income tax returns for the second and third years of the plan. Debtors shall remain current with post-petition tax return filings as well as making all payments due on such returns promptly. The debtors declare that all required tax returns have been filed through tax year 2007.

## II. DURATION OF THE PLAN.

The payments shall be made by or on behalf of the debtors to the Trustee for a period of 60 months. If at any time before the end of this period all claims are paid, the plan shall terminate.

If payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan can be discharged.

## III. CLASSIFICATION AND TREATMENT OF CLAIMS.

### 1. ADMINISTRATIVE EXPENSES.

Trustee's compensation: The Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S. C. Section 586(e).

Attorney Fees: Debtors' attorney shall be paid $3,279 as a flat fee prior to commencement of payments on any claim listed hereafter with the exception of those adequate protection payments referred to in section III. 3.a. hereunder. The services rendered for this flat fee include all consultations, telephone conversations and correspondence with debtor necessary to confirm debtor's initial Chapter 13 Plan; preparation and filing of Debtors' bankruptcy petition and all schedules necessary to confirm Debtors' initial Chapter 13 Plan, and Debtors' initial Chapter 13 Plan; all appearances necessary for confirmation of Debtors' initial Chapter 13 Plan; all necessary contacts with creditors and the Trustee to confirm Debtors' initial Chapter 13 Plan and preparation and lodging of the order to confirm Debtors' initial Chapter 13 Plan. Additional post petition flat fees shall be charged as follows: $350 for services necessary to file an amended plan; $550 for services necessary to file a motion to modify plan or motion for moratorium; $400 for responding to a stay lift motion and resolution of same by stipulation; $550 for services necessary to seek trustee approval for the sale or refinance of Debtor's homestead and $650 for preparation, filing and any necessary appearance on a motion to sell real property. Other additional post-petition fees may be charged either by flat or hourly fee pursuant to an executed bankruptcy fee agreement for matters not set forth above subject to Court approval. In the event of the dismissal of this case prior to confirmation or conversion to Chapter 7, this claim shall be paid from plan payments prior to any other debts except Trustee's fees and costs as allowed by the court.

### 2. CLAIMS SECURED BY REAL PROPERTY.

(a) The creditors listed below shall retain their security interest in the real property securing their claim.

(b) Regular monthly payments becoming due after the filing of Debtors' Petition shall be made outside of this plan, with the sole exception of those cases subject to the Standing Order effective October 1, 2008, with regard to conduit mortgage payments in Tucson Chapter 13 cases. Those mortgage payments shall be made pursuant to the terms of the Standing Order. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages treated by this plan.

(c) Arrearages shall include all payments, late charges, attorney fees and costs due and unpaid at the time of filing this plan, as well as reasonable attorney fees and costs incurred by the secured creditor in this action. The estimated arrearages listed below shall be adjusted to reflect the actual amount allowed based upon the secured creditor's proof of claim. In the event that a creditor listed hereunder files an objection based solely on the arrearage figure which is stated to be an estimate, that creditor shall be responsible for its own attorney fees in connection with the objection.

(d) The arrearage allowed by the court shall be paid in full prior to commencement of payment on any claim listed hereafter.

(e) Debtors' homestead exemption in the real property and in any identifiable cash proceeds from sale of the real property is allowed. The Debtors' homestead may not be sold without approval of the Trustee. If sold, the balance of any encumbrance owed to any secured creditor listed immediately below shall be paid in full through escrow.

Value is based upon Debtors' opinion unless stated otherwise.

| Claimant | Value/ Security | Interest Rate | Cure Arrearage | Time |
|---|---|---|---|---|
| CitiMortgage | 150,000/ 22244 Desert Bloom Buckeye AZ 85326 | 0 | 6,302.46 | 25 mos. |

The trustee has authority to pay on the secured debt owed to CitiMortgage even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor.

The junior security interest of Bank of America, Account No. 1737200560071 shall be and is hereby avoided as a wholly unsecured lien and any claim of said creditor shall be classified and paid as a general unsecured claim, if and as allowed under state law. 11 U.S.C.§1322; 11 U.S.C. §506; Bankruptcy Rule 3012; In re: Lamb, 211 B.R. 36 (Bap. 9th Circuit 1997); In re: Zimmer, 313 Fd. 2d. 1220(9th Circuit 2002). Confirmation of this plan shall constitute a determination of value by the court under Bankruptcy Rule 3012 and 11 U.S.C. §506 that the lien of said creditor is wholly unsecured as there is no equity in Debtors' home beyond the first mortgage since the value of the real property is less than the balance of the first mortgage.

The real property is valued on Debtors' schedules and this Plan at $150,000. Failure to timely file and serve an objection will be deemed consent to the valuation of the collateral as stated in the plan and acceptance of the plan under 11 U.S.C. §1325(a)(5)(A).

The real property is located at 22244 Desert Bloom, Buckeye Arizona 85326, legally described as:

> LOT 225, OF WINDMILL VILLAGE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 741 OF MAPS, PAGE 38, AND AFFIDAVITS OF CORRECTION RECORDED AS 2005-0545199 OF OFFICIAL RECORDS AND AS 2005-1271084 OF OFFICIAL RECORDS.

Service of this plan on said creditor shall constitute sufficient notice under Rule 3012 that valuation will

1 | take place through confirmation of the Plan.

2 | Upon confirmation of this Plan the real property vests in Debtors free and clear of the wholly unsecured junior lien of Bank of America and Bank of America shall record a release and or reconveyance of deed of trust with the county recorder of the county in which the real property is located. The Stipulated Order Confirming Chapter 13 Plan and Approving Payment of Administrative Expense may also be recorded as a release and reconveyance of deed of trust.

### 3. CLAIMS SECURED BY PERSONAL PROPERTY.

a. (Property to be retained by debtors.) The following creditors shall retain their interest in property securing their claims. They shall be paid the debt balance set forth below, unless otherwise stated, together with interest at the rate specified on the amount of the claim paid as secured only. Upon payment of this amount or entry of discharge, whichever first occurs, the security interest shall be released. Claims paid as secured herein shall be paid in full prior to commencement of payment on any claim listed hereafter. **If any creditor listed as secured files an unsecured proof of claim, that creditor shall be deemed to hold an unsecured claim and the claim shall be classified as such and any security interest held by such creditor shall be immediately released.**
Any claims not specifically listed in this paragraph are not secured claims and shall be treated as unsecured claims. **Any creditors not listed as secured but who claim secured status must timely file an objection to confirmation of the Plan and serve a copy upon Debtors' counsel.** If no such objections or proofs of claim are timely filed, then claims not specifically named below will be fully treated as unsecured, nonpriority claims. **If a creditor listed as secured returns funds paid as a secured claim to the trustee, that claim shall be treated as a general unsecured claim and any security interest held by said creditor shall be immediately released. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.**
Cars and trucks are valued per the appropriate Kelley Blue Book. All other personal property is valued per Debtors' opinion unless stated otherwise.

| Creditor/ Security | Balance/Value of security | Interest rate | Paid as secured/ unsecured |
|---|---|---|---|
| DSFCU/2004 Toyota Tundra | 20,145.02/10,375 | 5% | 10,375/9,770.02 |

Secured creditor, DSFCU, shall be paid the sum of $105 per month as and for adequate protection payments beginning concurrently with Administrative Expenses.

b. (Property to be surrendered by debtors.) Satisfaction of any claim to the following secured creditor shall be made by return of the collateral to said creditor. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for a possible deficiency balance, the creditor must

4

file an amended, unsecured proof of claim.

Creditor                                                                                      Property to
                                                                                              be surrendered

None.

## 4. PRIORITY CLAIMS.

The following claims shall be classified and paid as priority claims. The estimated amount listed below shall be adjusted to reflect the actual amount allowed. Priority claims listed below shall be paid in full prior to commencement of payment on any claim listed hereafter. **If a creditor fails to file a priority claim or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a priority claim in a proposed order confirming the plan with no additional notice.**

| Claimant | Nature of Claim | Interest Rate | Amount |
|---|---|---|---|
| Internal Revenue Service | 2008 Income Tax | -0- | 2,474.81 |

## 5. UNSECURED CLAIMS.

All other claims shall be classified as unsecured claims which are dischargeable pursuant to 11 USC Section 1328 with the exception of those claims specifically excepted from discharge pursuant to §1328(a)(2)(3) or (4). Allowed claims in this class shall be paid without interest the balance of payments under the plan, pro rata, after payment in full of all claims listed above. Said amounts may be adjusted and/or decreased should the administrative, secured and/or priority claims be higher than originally estimated.

8. OBJECTION TO PROOF OF CLAIM. Debtors make no admission of liability on a claim in the event an objection to a proof of claim is not filed.

## IV. EXECUTORY CONTRACTS.

None.

## V. OTHER.

1. The effective date of the plan shall be the date of the order confirming the plan. Property of the estate shall vest in the debtors upon confirmation. The debtors may use the property in any manner or may sell the property without further order of the court upon trustee approval.

5

2. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

DATED: _____.

_____
UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

By _____
Charles M. Sabo, Attorney for Debtors

By _____
Edward J. Maney, Trustee

6

PLAN ANALYSIS

Debtor: FELIPE E. BACA          Case No. 2:09-bk-06360 GBN
Prior: Bankruptcy ( )           Chapter 13 ( )   Date: _____
Estimated Length of Plan _____60_____ months.

Trustee Use

§341 Meeting Date: _____
Continued: _____
                                Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  TOTAL PRIORITY CLAIMS
    1.  Unpaid attorney's fees . . . . . . . . . . . . . . $_____3,279_____
    2.  Taxes  . . . . . . . . . . . . . . . . . . . . . . $_____2,475_____
    3.  Other  . . . . . . . . . . . . . . . . . . . . . . $_____0_____
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . . . $_____6,303_____
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS. . . . . . . . . . $_____12,067_____
D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS. . . . . $_____1,886_____
E.  SUB-TOTAL  . . . . . . . . . . . . . . . . . . . . . . $_____26,010_____
F.  TOTAL TRUSTEE'S COMPENSATION ( 10 % of
    Debtor's payments) . . . . . . . . . . . . . . . . . . $_____2,890_____
G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES . . . . . . . . $_____28,900_____

RECONCILIATION WITH CHAPTER 7

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
    1.  Value of Debtor's interest in nonexempt
        property . . . . . . . . . . . . . . . . . . . . . $_____1,425_____
    2.  Plus: value of property recoverable
            under avoiding powers  . . . . . . . . . . . . $_____0_____
    3.  Less: estimated Chapter 7 administrative
        expenses . . . . . . . . . . . . . . . . . . . . . $_____392_____
    4.  Less amounts payable to priority
        creditors other than costs of
        administration . . . . . . . . . . . . . . . . . . $_____0_____
    5.  Equals: estimated amount payable to
        general unsecured creditors if Chapter 7
        filed (if negative, enter zero). . . . . . . . . . $_____1,033_____
I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7  . . . . . . . . . . . . . . $_____1,033_____
J.  ESTIMATED DIVIDEND UNDER PLAN  . . . . . . . . . . . . $_____1,886_____

*   IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS
OF THE PLAN AS CONFIRMED CONTROL.